**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| SANDRIEKA MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 2:05-CV-794-M |
| v. | ) | |
| | ) | |
| EFS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO COMPEL ARBITRATION AND TO STAY COURT PROCEEDINGS

Pursuant to 9 U.S.C. §§ 3 and 4, defendant EFS, Inc. ("EFS") files, in lieu of an Answer, this Motion to Compel Arbitration and to Stay Court Proceedings. As grounds for this Motion, EFS states as follows:

### I. BACKGROUND FACTS

1.      EFS is a financial services company operating pawn shops and sub-prime lending businesses throughout the state of Alabama (Decl. of Frank Evans, ¶ 1).

2.      EFS lends money to its associated companies located in Mississippi, South Carolina and Alabama (Decl. of Frank Evans, ¶ 2).

3.      EFS routinely purchases merchandise from suppliers in South Carolina, New York, Georgia and Louisiana (Decl. of Frank Evans, ¶ 3).

4.      EFS maintains a banking relationship with Wachovia Bank, N.A., which operates in several states (Decl. of Frank Evans, ¶ 4).

5.      Plaintiff Sandrieka Moore ("plaintiff") was hired by EFS as a Treasury Analyst in March 2004 (Complaint, ¶ 7).

6.      As a condition of her employment, plaintiff entered into an Agreement to Arbitrate ("Agreement") with EFS (Exh. 1 to Decl. of Frank Evans).

7.      By signing the Agreement, both plaintiff and the Company consented to the resolution by arbitration of all claims or disputes arising out of her employment or termination of her employment, including but not limited to:

> pay, benefits, and/or hours; any claim dealing with work assignment; any claim of sexual, racial or other harassment; any claim relating to termination or separation from employment; any claim of discrimination, including claims of sex, race, disability or age discrimination; [and] all other claims in any way related to the employment relationship.

(Exh. 1 to Decl. of Frank Evans, ¶ 1).

8.      Plaintiff signed the Agreement, acknowledging in writing that "[a]rbitration shall be the sole method for resolving any dispute" (Exh. 1 to Decl. of Frank Evans, ¶ 1). Plaintiff further acknowledged by signing the Agreement that (1) she read and understood the Agreement; and (2) she agreed to be bound by the terms and conditions contained within the agreement. Id.

9.      On August 19, 2005, plaintiff filed a judicial complaint, alleging that EFS engaged in, or is liable for, equal protection violations under 42 U.S.C. § 1981. All of plaintiff's claims are related to events alleged to have occurred during her employment with EFS or to the termination of her employment by EFS. See generally Complaint.

## II. ARGUMENT

Plaintiff's claims are subject to a stay of proceedings against defendant EFS and she should be compelled to arbitration pursuant to the Agreement into which she entered during her employment. The United States Supreme Court has "made clear that the strong federal preference for arbitration of disputes expressed by Congress in the Federal Arbitration Act (the 'FAA') must be enforced where possible." Musnick v. King Motor Co. of Fort Lauderdale, 325

F.3d 1255, 1258 (11th Cir. 2003) (citing Green Tree Financial Corp.-Alabama v. Randolph, 531 U.S. 79, 121 (2000)).  The Supreme Court "also made clear that the FAA applies to all arbitration agreements involving interstate commerce, including employment contracts, such as the one at issue here." Id. at 1258 n.2 (citing Circuit City Stores, Inc. v. Adams, 532 U.S. 105 (2001)).  More recently, the Supreme Court clarified that "the term 'involving commerce' in the FAA [is] the functional equivalent of the more familiar term 'affecting commerce' – words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power." Citizens Bank v. Alafabco, Inc., 539 U.S. 52, 56 (2003).  In a recent case, this Court held that:

> if an organization engages in business across state lines, has any portion of its assets generated as a result of any activity across state lines, or engages in any business that may be regulated by the Congress pursuant to powers granted in the *Commerce Clause,* then FAA jurisdiction is the appropriate mechanism for settling a dispute where a valid arbitration agreement has been executed.

Maddox v. USA Healthcare-Adams, LLC, 350 F. Supp. 2d 968, 974 (M.D. Ala. 2004) (emphasis in original).

In the instant case, there is no question that plaintiff voluntarily signed a mutual agreement to arbitrate all claims arising from her employment or the termination thereof (Exh. 1 to Decl. of Frank Evans.)  It is also clear that EFS purchases inventory from suppliers in several states, maintains a banking relationship with a bank operating in several states and generates revenue by lending money to associate companies in South Carolina and Mississippi (Decl. of Frank Evans, ¶¶ 2-4).  As such, it is clear that EFS engages in interstate commerce and that FAA jurisdiction is the appropriate mechanism for settling this dispute.  Unquestionably, then, the proper action for this Court to take is to stay proceedings in this matter and to compel plaintiff to arbitrate under the terms of the Agreement.  9 U.S.C. §§ 3-4; see also Bender v. A.G. Edwards & Sons, Inc, 971 F.2d 698, 700-01 (11th Cir. 1992) (holding that agreement to waive federal

3

adjudication of Title VII and state law claims in favor of arbitration was permissible and that proceedings in federal court should be stayed pending arbitration under 9 U.S.C. §§ 3-4); Bradford v. KFC Nat'l Mgt. Co., 5 F. Supp. 2d 1311, 1315-16 (M.D. Ala. 1998) (staying proceedings and compelling arbitration pursuant to 9 U.S.C. § 3 where valid agreement to arbitrate existed).

### III. CONCLUSION

As shown above, the parties entered into a valid agreement requiring plaintiff to submit her claims to arbitration.  Accordingly, defendant EFS respectfully requests that the Court enter an order (1) enforcing the Agreement to Arbitrate; (2) staying all further proceedings in this action until arbitration has been completed; and (3) for such other relief as the Court deems just and proper.

Respectfully submitted,

s/David T. Wiley
David T. Wiley, ASB-4051-Y54D
CONSTANGY, BROOKS AND SMITH, LLC
1901 6th Avenue North, Suite 1410
Birmingham, Alabama  35203-4605
Telephone (205) 252-9321
Fax (205) 323-7674
dwiley@constangy.com

ATTORNEY FOR EFS, INC.

4

## CERTIFICATE OF SERVICE

       I hereby certify that on September 7, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

                  Lee Winston, Esq.
                  Wiggins, Childs, Quinn & Pantazis, LLC
                  301 19th Street North
                  Birmingham, Alabama 35203
                  lwinston@wcqp.com

                            s/David T. Wiley
                            David T. Wiley