# DECLARATION OF FRANK EVANS

## DECLARATION OF FRANK EVANS

I, Frank Evans, am an adult male, United States citizen residing in Montgomery County, Alabama. I am under no legal disability and am competent to testify. I currently serve as the Chief Executive Officer of EFS, Inc. ("EFS"). I have personal knowledge of the facts and matter set forth herein.

1. EFS is a financial services company headquartered in Montgomery County, Alabama, operating pawn shops and sub-prime lending businesses throughout the state of Alabama.

2. EFS lends money to its associated companies located in Mississippi, South Carolina and Alabama.

3. EFS routinely purchases sporting goods from Ellett Brothers, a South Carolina company, and jewelry from suppliers in New York, Georgia and Louisiana.

4. EFS maintains a banking relationship with Southtrust Bank, now Wachovia Bank, N.A., which operates in several states from Florida to New York.

5. As a condition of her employment, Sandrieka Moore entered into an agreement to arbitrate all disputes arising out of her employment with EFS. A copy of the Agreement is attached as Exhibit 1.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this <u>6th</u> day of September, 2005.

                                                 <u>s/ Frank Evans</u>
                                                 Frank Evans

# EXHIBIT 1

## AGREEMENT TO ARBITRATE

This Agreement to Arbitrate is entered into this _____ day of _____, 20_____ by and between_____ ("Employer") and the undersigned employee _____ ("Employee").

### Recitals:

Employee is presently employed by Employer or is being offered employment with Employer. In consideration of Employee's employment, or continued employment, as the case may be, Employer and Employee are entering into this agreement to govern any dispute which may hereafter arise affecting or relating to Employee's employment.

NOW THEREFORE, for and in consideration of Employees' employment, or continued employment as the case may be, and the mutual covenants and conditions contained herein, Employer and Employee agree as follows:

1. **Arbitration.** Employer and Employee that they shall arbitrate, under the terms and conditions hereinafter set forth, all claims and disputes between Employer and Employee arising out of or related to Employee's employment. The parties agree that arbitration shall be the sole method for resolving any dispute.

2. **Disputes Covered.** This Agreement applies to all claims between Employer and Employee arising out of, in connection with, or related to the employment, including but not limited to:
   - any claim dealing with employee pay, benefits and/or hours;
   - any claim dealing with work assignment;
   - any claim of sexual, racial or other harassment;
   - any claim relating to termination or separation from employment;
   - any claim of employment discrimination, including claims of sex, race, disability or age discrimination;
   - all other claims related in any way to the employment relationship.

This Agreement also applies to any claim or dispute, including but not limited to all the kinds of disputes listed above, between Employee and any officer, employee or agent of Employer.

3. **Arbitration Rules.** The arbitration will be conducted under the rules of the American Arbitration Association ("AAA") that are in effect at the time the arbitration is commenced and under the rules set forth under this Agreement. If there is any conflict between such rules and this Agreement, this Agreement shall govern. The arbitrator may, in his or her discretion, allow discovery as per the Alabama Rules of Civil Procedure. Although the arbitration shall be conducted pursuant to the rules of the AAA, the arbitration shall not be conducted through the AAA unless otherwise agreed to by the parties.

4. **Commencing Arbitration and Selecting an Arbitrator.** A party may commence arbitration by notifying the other party in writing. The parties will attempt to agree on an arbitrator. If the parties are unable to agree on an arbitrator within five (5) days after receipt of the notice to arbitrate, then the parties will request that the Presiding Judge for the Fifteenth Judicial Circuit, Montgomery County, Alabama to appoint an Arbitrator. If the Presiding Judge declines to appoint an Arbitrator, the parties will apply for the appointment of an Arbitrator through AAA. The Arbitrator shall be an individual experienced in handling arbitrations and shall order the parties to proceed with arbitration. Such arbitration shall be conducted in Montgomery County, Alabama.

5. **Final and Binding Decision.** The decision of the arbitrator shall be in writing but need not set forth the reason for his/her decision. Such decision shall be final and binding on both parties.

6. **Costs.** The arbitrator's fee shall be paid by Employer. All other costs shall be paid by the party incurring the same.

7. **Employment Status.** Notwithstanding anything herein stated to the contrary, Employee is employed as an employee at will and nothing shall be deemed to create any employment for any term or otherwise alter the at will nature of the employment.

8. **Affiliates, Assigns, etc.** Without limiting the above, this Agreement to Arbitrate shall be enforceable by any of Employer's past, present, and future officers, directors, agents, employees, representatives, parent corporations, subsidiaries, affiliates, predecessors, successors, heirs and/or assigns.

THIS ARBITRATION AGREEMENT IS A BINDING CONTRACT AND BY EXECUTING THE SAME, THE PARTIES CERTIFY THAT THEY HAVE READ AND UNDERSTAND THE SAME AND AGREE TO BE BOUND BY THE TERMS AND CONDITIONS CONTAINED HEREIN.

*READ BEFORE SIGNING!*

EFS Inc. _____ ("EMPLOYER")

BY: _Dunlap_

Its: _____

_Senduicka Moore_ ("EMPLOYEE")